# Judge v. Solid Waste Services Inc.

C.P. of Lackawanna County, no. 97-CV-5282.

*Thomas J. Foley Jr.,* for plaintiffs.
*Robert A. Eckenrode,* for defendants.

MINORA, *J.,* January 4, 1999—This action comes before the court by way of defendants' motion to compel attendance at an independent medical examination. This case arises out of an automobile accident which occurred on November 21, 1995, when a vehicle operated by defendant Daniel C. Gawron struck Frank Judge Jr.'s vehicle. As a result of this accident, the plaintiff claims to have suffered severe and serious personal injuries.

Due to plaintiff's extensive injuries, defendant Solid Waste Services Inc., defendant Daniel C. Gawron and defendant J.P. Mascaro & Sons request that plaintiff undergo an independent medical examination by a cardiologist and an orthopedist.

Specifically, defendants request that plaintiff be examined by an orthopedist, Dr. Albert Liddell, of Williamsport and a cardiologist, Dr. George Moffit, of Wormleysburg, both located in Pennsylvania. Plaintiff has refused to submit to said medical examinations and instead has offered to have an IME take place in either Lackawanna or Luzerne County.

An argument was held before this court on October 21, 1998, and the parties have briefed their respective positions. This memorandum and order follow.

## FACTS

On November 21, 1995, plaintiff was traveling in an automobile in a northerly direction on South State

Street in Clarks Summit, Lackawanna County, Pennsylvania at a point near the intersection of South State Street and Colburn Avenue. At the aforementioned time and place, plaintiff proceeded to bring his automobile to a complete stop. Subsequently, defendant Gawron, while acting as an agent, representative, servant, workman and/or employee of defendant Solid Waste and defendant Mascaro, was operating one of the trucks owned, operated, possessed, maintained and/or controlled by defendants Solid Waste and Mascaro and struck the plaintiff's automobile in the rear. The accident caused severe and serious injuries to the plaintiff. Specifically, plaintiff alleges impairments of bodily functions including, but not limited to, injuries to his back, shoulder, neck, heart and cardiovascular system, and multiple contusions of which some or all might be permanent in nature. In addition, plaintiff alleges that because of this accident, he has suffered a heart attack resulting in permanent disability to his heart.

On November 5, 1997, plaintiff Frank Judge Jr., and his wife, plaintiff Mary Judge, filed a writ of summons. On February 4, 1998, plaintiffs filed a complaint and subsequently filed an amended complaint on March 2, 1998.

On March 23, 1998, defendants responded by filing an answer to plaintiffs' complaint with new matter. Plaintiffs on April 8, 1998 filed a response to defendants' new matter.

On October 15, 1998, defendants filed a motion to compel attendance at an independent medical examination and a brief in support of said motion. Plaintiffs filed a brief in opposition to the defendants' motion to compel a defense medical examination. Therefore, this matter is now ripe for decision.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 4010(a) authorizes a trial court to order the mental or physical examination of a party when the mental or physical condition of that party is in controversy. In addition to the requirement of the party's condition being in controversy, this rule also provides that said examination be granted only on a motion for good cause shown. *John M. v. Paula T.,* 524 Pa. 306, 314, 571 A.2d 1380, 1383 (1990). The good cause requirement is intended to ensure that a plaintiff's privacy is not unduly invaded, *Uhl v. C.H. Shoemaker & Son Inc.,* 432 Pa. Super. 230, 234, 637 A.2d 1358, 1360 (1994), and to preclude the use of such examination for improper purposes. *McGratton v. Burke,* 449 Pa. Super. 597, 601-602, 674 A.2d 1095, 1097 (1996), *alloc. denied,* 546 Pa. 667, 685 A.2d 546 (1996). The determination of whether the requisite good cause exists is left to the sound discretion of the trial court and this decision may not be reversed on appeal unless it is manifestly unreasonable and an abuse of discretion is shown. *Id.*

In the instant case, this court is confronted with three related issues: (1) whether defendants are entitled to have plaintiff submit to an IME; (2) whether defendants' request to have plaintiff travel at least 100 miles to undergo an IME is reasonable; and (3) whether defendants can require plaintiff to submit to two separate IMEs. In order to address the above issues, this court will initially examine the respective parties' arguments to help provide a useful background.

### *Issue I: Whether Plaintiff Should Be Required To Submit to an IME*

Defendants maintain that plaintiff clearly made his physical condition an issue in this present case by raising

numerous allegations of serious and severe personal injuries. Defendants argue that the nature of the accident was a low-speed rear-end collision, and thus question the severity of plaintiff's injuries.

In addition, defendants argue that plaintiff had previously suffered from a heart condition, which included at least one heart attack prior to this automobile accident. Similarly, defendants aver that plaintiff's own cardiologist indicated that plaintiff experienced two episodes of angina during the months immediately preceding this accident and made no indication regarding the causal relationship between plaintiff's heart attack and the said automobile accident. Moreover, defendants claim that only plaintiff's family practitioner found a causal relationship between the accident and his heart attack. Based on the above, defendants deny any relationship between the accident and plaintiff's subsequent heart attack and alleged cardiovascular injuries.

With regards to plaintiff's claims of back, shoulder, neck and hip injuries, defendants contend that prior to this accident, plaintiff suffered from arthritis and even sought medical treatment for back and hip pain.

Therefore, defendants request that plaintiff undergo an IME by a cardiologist and an orthopedist regarding the injuries plaintiff alleges to have suffered as a result of what defendants claim to be a minor impact automobile accident. In an attempt to have plaintiff submit to an IME, defendants arranged for Dr. Albert Liddell, an orthopedist from Williamsport and Dr. George Moffit, a cardiologist from Wormleysburg, to examine the plaintiff.

Initially, we note that plaintiff does not dispute the fact that he is required to submit to an IME. Although this court need not address this issue, for purposes of completeness we shall. In order to dispose of this issue,

we will start by examining the governing civil procedure rule. Rule 4010 of the Pennsylvania Rules of Civil Procedure provides:

"(a) When the mental or physical condition (including blood group) of a party, or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made."

To resolve this issue, we need only look at the first requisite in the above referenced statute, whether plaintiff's physical condition is in controversy in the current case. We hold that plaintiff has clearly made his physical condition an issue in controversy in the case at bar. We find that due to the serious nature and extent of plaintiff's alleged injuries and his contention that these injuries are the direct result of the accident in this current litigation are demonstrative of the fact that plaintiff's physical condition is presently in controversy. In support of our holding, we need only look at plaintiff's own complaint in which he specifically details his claims of physical injuries, such as suffering from neck, back, shoulder, and hip injuries as well as a heart attack.

In addition, we note, that plaintiff does not dispute the fact that he has placed his physical condition in controversy, nor does plaintiff argue that he will not submit to an IME. Therefore, based on all of the above, we resolve this first issue by holding that plaintiff has placed his physical condition in controversy and thus

defendants are entitled to have plaintiff undergo an IME. Having disposed of this issue, we are now confronted with whether plaintiff needs to travel at least 100 miles for said examination.

*Issue II: Whether Defendants' Request To Have Plaintiff Travel at Least 100 Miles To Undergo an IME Is Reasonable*

Defendants state that both doctors' offices are located within approximately 100 miles of plaintiffs' residence in Dalton. Moreover, defendants contend they have offered to pay plaintiff's travel expenses and, if necessary, to provide transportation to and from the said examinations. However, plaintiff refused to agree to said medical examinations and has demanded that any IME take place in either Lackawanna or Luzerne County.

Defendants' primary contention is that as long as their discovery request is made in good faith and does not harass or unreasonably burden the other party, then they should be free to select medical experts from wherever they so desire. Defendants assert that plaintiff is free to seek medical attention and medical experts from anywhere in the world; however, plaintiff is attempting to severely limit defendants' ability to obtain expert opinions regarding plaintiff to a small pool of physicians in the two above mentioned counties.

Defendants argue that no rule requires a physical examination to occur in the county where either the plaintiff resides or the action is pending. Additionally, defendants maintain the court may permit the recovery of fees and expenses if the discovery is to be conducted more than 100 miles from the courthouse. As previously stated, defendants claim they have already agreed to pay such fees and expenses.

Finally, defendants suggest that there is a hesitancy of physicians to contradict or second guess fellow practitioners located in the same general area. Therefore, defendants attempt to seek medical experts outside of these geographic areas but within a reasonable distance of plaintiff's residence.

Plaintiff outlines his argument into two considerations, (1) that the defendants are seeking a medical examination at an unreasonable distance from the plaintiffs' residence and (2) that defendants are requesting multiple examinations when the same has not been shown to be necessary.

Plaintiff maintains that Dr. Moffitt, the cardiologist, whose office is located in Wormleysburg, is more than 100 miles from plaintiffs' home. Plaintiff admits that while he is unaware of the precise location of Dr. Moffitt's office, Wormleysburg is south of Harrisburg. Scranton is approximately 126 miles north of Harrisburg, and plaintiffs' home in Dalton is even farther north. Therefore, plaintiff suggests that his residence in Dalton is thus necessarily more than 126 miles from Wormleysburg.

Plaintiff avers that this accident was not a low impact collision because of the weight and magnitude of the truck that collided into plaintiff's vehicle.

Moreover, plaintiff asserts that a large number of eminently qualified physicians of various specialties are located in either Lackawanna or Luzerne County, all of whom are capable of examining the plaintiff and determining whether or not he has had an exacerbation of his pre-existing conditions without requiring plaintiff to travel a long distance.

As previously stated, defendants argue the approximate distance from each of the two medical examinations to plaintiffs' residence is 100 miles. However,

plaintiff disputes defendants' approximation and suggests that the examinations could be in excess of 126 miles from plaintiffs' residence. We need not determine the exact location of said examinations nor decide their precise mileage to resolve this dispute.

We agree with the plaintiff that traveling a minimum of approximately 100 miles, with a potential of traveling an excess of 126 miles is unreasonable. We concur with the opinion of the Honorable James Munley when confronted with a similar issue in *Kapp v. Oasis Enterprises Inc.,* 83 Lacka. Jur. 190 (1983). In *Kapp,* the court held that the plaintiff's objection to traveling only 18 miles to undergo an IME was unreasonable in light of the fact that there were sufficient qualified physicians located within the Scranton area. *Id.* at 192. Specifically, the *Kapp* court stated that "in order to minimize inconvenience and avoid any hardship to the claimant, we find that it would be more reasonable to allow the defendants to select [a physician] . . . here in the City of Scranton to examine the plaintiff." *Id.* We are of the same opinion. Requiring plaintiff to travel approximately 100 miles for an IME would be extremely inconvenient and unreasonable in light of the fact that there are ample qualified physicians located within either Lackawanna or Luzerne County. Therefore, we hold that defendants may only require plaintiff to undergo a medical examination in either Lackawanna or Luzerne County.

*Issue III: Whether Defendants Can Require
Plaintiff To Submit to Two Separate IMEs*

In the instant case, defendants request that plaintiff undergo two medical examinations, one by an orthopod

and another by a cardiologist. Plaintiff maintains that Pa.R.C.P. 4010(a) entitles defendants a medical examination of plaintiff, in which plaintiff stresses the word "a" in the statute to mean one. Ultimately, plaintiff contends that defendants are entitled to one medical examination rather than the two examinations they are seeking. Plaintiff's position is that defendants should use one specialist family practitioner-internist to evaluate plaintiff's injuries and based on this evaluation determine whether a second examination is necessary.

Defendants' main contention for seeking two examinations is simply based on the alleged nature of plaintiff's injuries without addressing specifically why two separate examinations are needed.

"Pa.R.C.P. 4010(a) does not specifically permit or prohibit more than one examination of a plaintiff and a defendant bears a heightened burden of demonstrating good cause for a supplemental medical examination." *Lodolce v. Township of Roaring Brook,* 99 Lacka. Jur. 54, 57 (1998). Additionally, this rule "does not give a party a mandatory right to more than one physical examination of the other party." *Edelstein v. Tipton,* 69 D.&C.2d 248, 249 (Phila. Co. 1974).

However, "a court may permit an additional examination if subsequent discovery reveals that the plaintiff is alleging a new injury since the date of the initial examination or deliberately concealed an injury at the time of the first examination." *Lodolce, supra* at 57. The *Lodolce* court also stated that "[i]n those unusual instances in which consecutive examinations have been allowed, exceptional circumstances have existed to justify the inconvenience and additional burden to the plaintiff." *Id.*

Similarly, a well-recognized treatise on discovery procedures has noted the following:

"Rule 4010 is silent on the number of examinations to which a party can be subjected. Whether more than one examination should be allowed, therefore, is a matter that falls wholly within the discretion of the court. A second examination may be proper in a case in which the plaintiff's answers to written interrogatories or to questions propounded at an oral deposition disclose a claim for an injury which was not originally asserted and which was not inquired into by the physician at the first examination. A second examination may also be proper where an injury was deliberately concealed at the first examination and was subsequently discovered by the moving party." Goodrich-Amram 2d vol. 18 §4010(a) p. 358.

Instantly, we find that there is no indication that plaintiff has alleged any new injuries or deliberately concealed an injury. We also find that there is no evidence of any exceptional circumstances to justify the inconvenience and additional burden of having plaintiff undergo more than one IME. Because the determination of whether plaintiff should submit to two separate IMEs is at the sound discretion of this court, we hold that there are no reasons yet advanced by the defendants to justify the necessity of plaintiff undergoing two medical examinations.

We hold that defendants have failed to demonstrate sufficient grounds for subjecting plaintiff to two separate medical examinations, because there is no suggestion that plaintiff withheld any medical history or information or was anything less than completely forthright.

Additionally, there is no allegation that plaintiff has developed any new injuries. Therefore, we hold that defendants are entitled to have plaintiff submit to only one IME in which defendants may choose a physician provided he/she is located within either Lackawanna or Luzerne County.

## CONCLUSION

In sum, this court holds that plaintiff must submit to one IME because plaintiff has placed his own physical condition in controversy in the present case. Defendants are free to choose the appropriate physician they would like to perform the IME provided that the doctor's office is located within either Lackawanna or Luzerne County. As stated above, defendants are entitled to require plaintiff to submit to only one IME based on the evidence presented thus far.

For these reasons and those stated above, we hold that defendants' motion to compel attendance at an independent medical examination is granted, with the following conditions: (1) the examination must take place in either Lackawanna or Luzerne County; and (2) plaintiff need only submit to one such examination. An appropriate order follows.

## ORDER

And now, to wit, January 4, 1999, it is hereby ordered that the defendants' motion to compel attendance at an independent medical examination is granted, under the following conditions: (1) the examination must take place in either Lackawanna or Luzerne County; and (2) the plaintiff need only submit to one such examination. The parties are to proceed in a manner consistent with this opinion.